in Famborille v. A. G. & P. Co., 155 App. Div. 833, 140 N. Y. Supp. 529, decided in the Third Department, and Svendsen v. Williams, 157 App. Div. 474, 142 N. Y. Supp. 606, decided in the Second Department; and the learned counsel for appellant seems to so concede. The question has been very elaborately discussed in those decisions, and we deem it unnecessary to add anything to what is there said. It is sufficient to say that we agree with the reasoning of those cases.

We think the case was correctly submitted to the jury, and that the judgment and order appealed from should be affirmed, with costs. All concur, except ROBSON, J., who dissents.

---

(162 App. Div. 196)

### KRATKA v. BOSTON & M. R. R.    (No. 74–29.)

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

1. RAILROADS (§ 348*)—ACCIDENTS AT CROSSINGS—ACTIONS—SUFFICIENCY OF CAUSE.

A verdict for plaintiff, who was caught up on the pilot of defendant's engine while crossing the track at night, *held* against the weight of evidence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

2. RAILROADS (§ 351*)—ACCIDENTS AT CROSSINGS—ACTIONS—INSTRUCTIONS.

Where the flagman and other witnesses testified that he was at the crossing with his lantern and halloaed to the plaintiff to stop, a requested charge that, if the flagman shouted and warned plaintiff not to cross, he did his whole duty, should have been given, or what other acts might be considered with reference to the flagman's duty explained.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

3. RAILROADS (§ 331*)—ACCIDENTS AT CROSSINGS—FLAGMAN.

If the flagman stood at the crossing in his proper place, with his lantern, and told plaintiff not to cross, there could be no recovery.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1035, 1075–1078; Dec. Dig. § 331.*]

Woodward, J., dissenting.

Appeal from Trial Term, Saratoga County.

Action by Paul Kratka against the Boston & Maine Railroad. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Jarvis P. O'Brien, of Troy, for appellant.

Leary & Fullerton, of Saratoga Springs (James A. Leary, of Saratoga Springs, of counsel), for respondent.

JOHN M. KELLOGG, J. [1] Plaintiff and his wife were standing on the sidewalk a few feet from the track while the freight train was going east. He was familiar with the locality; knew it was a double-track road, and that beyond the track upon which the freight

train was passing was the west-bound track. When the freight train had passed about 30 feet, he started to cross the track and was hit by the west-bound train upon the other track. Directly in front of him, and a few feet from the crossing, was an electric light. A headlight was upon the locomotive that hit him. He says before he stepped upon the track he looked in both directions. He also says that the flagman at the crossing stood near him while the freight train was passing, but a few feet off the walk towards the flagman's stanty, and that the flagman told him to go ahead, and was swinging his lantern. He does not make it clear how the flagman was swinging the lantern, but says at several places that he was swinging it in the same direction the railroad ran. That would be across the street. His wife corroborates him.

The evidence of the flagman shows that he was standing in the street, a few feet from the plaintiff, while the freight was passing, with his lantern in his hand; that he told the plaintiff not to go, and, as he went, grabbed the wife and prevented her from going. Other witnesses corroborate the flagman. The plaintiff made a statement at the hospital in which the other facts are accurately stated and in which he said that the flagman said nothing to him and he was not sure whether he had a lantern or not. Several persons present when the statement was made show that he understood its contents.

It is improbable that the flagman told him to go ahead. The plaintiff's entire case stands upon that allegation. In the absence of it, he clearly would be guilty of contributory negligence. He has evidently put that statement into the flagman's mouth in order to get to the jury. It is opposed to the facts of the case and the evidence. It is not the duty of the court to affirm a judgment when it is clear that it rests upon a known false statement as to a fact.

[2, 3] The defendant asked the court to charge that if the flagman had shouted to Mr. Kratka when he started to cross, and warned him not to cross, that the flagman did his whole duty. The evidence of the flagman and other witnesses shows that when he was standing in the street at the crossing with his lantern in his hand he halloaed to the plaintiff to stop. This request was made with reference to that evidence, and meant, if it meant anything, that, if the flagman stood in the street with his lantern and shouted to the plaintiff and told him not to cross, he did his duty. It is difficult to see what more was required of him. The court declined the request, stating that it would leave it to the jury to determine whether he did or not. If the flagman was at the crossing, in his proper place, with his lantern, and told the plaintiff not to cross, then there could be no recovery. The request so clearly means that that I think it was the duty of the court to make the charge, or otherwise explain what other acts might be considered with reference to the flagman's duty.

For this error in ruling I favor a reversal, and also upon the ground that the verdict is against the evidence. All concur, except WOODWARD, J., dissenting in opinion.

The finding of fact disapproved of is that the plaintiff was not guilty of contributory negligence, and that the defendant was negligent.

WOODWARD, J. (dissenting). This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The accident occurred at a grade crossing in Mechanicville on the evening of January 25, 1913, at which point the defendant maintains a flagman. The plaintiff, with his wife, approached this crossing on the evening in question, and they were detained by a passing freight train. When this train had passed, the plaintiff stepped forward, looking in both directions, as he testifies, and, seeing no train approaching, told his wife to come on, and an instant later was struck by the engine of a passenger train passing over this grade crossing at the rate of 20 to 25 miles per hour, and was carried on the pilot of the engine a distance of 21 miles before he was discovered and taken from his position. The plaintiff testified that the flagman, standing near his shanty, swung his lantern and told him to go ahead at the time of the accident, and the evidence, while conflicting, was sufficient to go to the jury upon the issues presented, and, the jury having found for the plaintiff, there is evidence sufficient to support the judgment. No question of the defendant's negligence is suggested by the appeal, and we are clearly of opinion that it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence under the facts as the jury might properly have found them under the evidence.

I think the jury was properly instructed as to the law, and that the contention of the defendant that the court erred in refusing to charge the jury "that if the flagman at the crossing shouted to Mr. Kratka when he started to cross, and warned him not to cross, that the flagman did his whole duty," is without force. It is the province of the jury to determine upon all of the evidence whether the defendant's servant has performed his duty, and it cannot be presumed that the jury had any difficulty upon this point. There was a direct and irreconcilable conflict of evidence upon the question of what the flagman did; that was the crucial point in the litigation. The plaintiff contended that the flagman stood near his shanty at the side of the street, instead of in the center where he could observe the whole situation, and that the flagman told him to go ahead after the freight train had passed, and that he acted upon this assurance, in connection with his own observations, and met with the accident. On the other hand, the flagman testified that he shouted at the plaintiff and warned him not to cross, and the jury certainly needed no instruction that if they accepted the flagman's testimony the plaintiff could not recover. Obviously the plaintiff, if he had warning, was not entitled to recover, and it was only in the event that the jury accepted his version of the facts, rather than those of the flagman, that the jury were warranted in giving him a verdict, and this was made entirely clear by the charge of the court.

The judgment and order appealed from should be affirmed, with costs.